IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFTON F., | Civil No. 1:26-cv-03398-MWJS |
| Petitioner, | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE |
| vs. | |
| WARDEN, CALIFORNIA CITY CORRECTIONAL FACILITY, | A# 221-390-287 |
| Respondent. | |

### INTRODUCTION

Over sixteen months ago, Petitioner Clifton F.[1] fled his home country and entered the United States.  He has been held in immigration detention ever since, first at the Otay Mesa Detention Center and then at the California City Correctional Facility. And on April 16, 2026, he filed with this court a petition for a writ of habeas corpus under 28 U.S.C. § 2241, though it was not docketed until May 4.  Dkt. No. 1.  Because Petitioner did not exhaust administrative remedies, and because the court does not find a basis for excusing that failure under the circumstances presented here, the petition is DENIED without prejudice.

---

[1]     For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

**BACKGROUND**

Petitioner entered the United States without authorization on January 6, 2025, and was taken into immigration custody that same day.  Dkt. No. 1, at pg. 5.  He speaks Konkani, a language of South Asia's western coast.  Throughout his detention, courts and immigration officials have been unable to locate a Konkani interpreter, a difficulty that has substantially complicated his participation in his own proceedings.  In total, he has been detained for approximately sixteen months.

While in detention, Petitioner applied for asylum.  But following an asylum interview that could not proceed for lack of an interpreter, he was permitted to apply for relief but was found ineligible for a bond hearing.  On November 21, 2025, an Immigration Judge ("IJ") ordered him removed.  Dkt. No. 6-1, at pg. 2.  He timely appealed to the Board of Immigration Appeals ("BIA") on December 19, 2025.  *Id.*

While that appeal was pending, Petitioner filed a habeas petition in the U.S. District Court for the Southern District of California challenging his continued detention without a constitutionally adequate bond hearing.  *See Fernandes v. Chestnut*, No. 25-cv-03813-JLS-MSB, at Dkt. No. 1.  That court granted the petition and ordered a bond hearing at which the government bore the burden of proving by clear and convincing evidence that Petitioner posed a danger to the community or was a flight risk.  *Id.* at Dkt. No. 12.  A hearing was held on February 2, 2026, and the IJ denied bond, finding Petitioner to be a flight risk.  *Id.* at Dkt. No. 20, at PageID.171.  Petitioner

then sought to challenge the adequacy of that hearing in federal court without first appealing the bond denial to the BIA. The court denied that challenge for failure to exhaust administrative remedies. *Id*. at PageID.172.

In the meantime, Petitioner was transferred to the California City Immigration Processing Center, within this district. Dkt. No. 6-2, at pg. 1. And following that transfer, he filed the present petition pro se, requesting release on parole or bond so that he could follow his immigration proceedings from outside custody with the assistance of counsel. Dkt. No. 1. He describes in his own hand the toll of the past sixteen months: the isolation of being unable to communicate in his own language, difficulty eating and a sense that his mental health has seriously deteriorated. *See* Dkt. No. 1, at pgs. 7, 9–11. This court ordered briefing on the petition. Dkt. No. 3.

But on May 1, 2026—shortly after this petition was filed—Petitioner's attorney filed motions with the BIA to withdraw both his removal appeal and his bond appeal. Dkt. No. 6-1, at pgs. 2, 10. In a declaration supporting the withdrawal of his removal appeal, Petitioner stated that his mother is ill in his home country, that he is her only son, and that he wishes to return to care for her. Dkt. No. 6-1, at pg. 5. Petitioner's withdrawal of the appeal means that the IJ's November 21, 2025, removal order is now final.

3

**DISCUSSION**

The government filed its response to the petition on May 9, 2026, and argues, first, that this petition is an impermissible second or successive petition because Petitioner already litigated his detention in the Southern District of California.  Dkt. No. 6, at pg. 2 (*citing Fernandes v. Warden, Otay Mesa Det. Ctr.*, No. 25-CV-3813 JLS (MSB), 2026 WL 1005075 (S.D. Cal. Apr. 14, 2026)).

Under 28 U.S.C. § 2244(a), a court need not entertain a second habeas application where the legality of the same detention has already been adjudicated on a prior application.  But Petitioner's circumstances have changed since the Southern District proceedings:  he has been transferred to a new district with a different custodian, his removal order has now become final, and the nature of any viable constitutional claim has shifted accordingly.  So the court does not rest its decision on this ground alone.

This court also considers whether Petitioner has exhausted his administrative remedies.  Although 28 U.S.C. § 2241 does not expressly require exhaustion, the Ninth Circuit requires habeas petitioners to exhaust available judicial and administrative remedies as a prudential matter before seeking relief under that statute.  *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001).  A noncitizen challenging an IJ's adverse bond determination must appeal that determination to the BIA before seeking habeas review. *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011).  The Southern District of California applied this rule when it declined to review the IJ's February 2, 2026, bond

4

denial on the ground that Petitioner had not yet appealed to the BIA. *Fernandes*, 2026 WL 1005075 at *2. And this court agrees with that reasoning.

The court recognizes one challenge, however. After the Southern District denied relief and directed Petitioner to the BIA, Petitioner did file a bond appeal with the BIA on March 3, 2026. But he then, through counsel, voluntarily withdrew it on May 1, 2026. As a result, there is presently no administrative proceeding pending and no further BIA review available for the bond denial. The court does not fault Petitioner—who is representing himself in this habeas proceeding and whose stated reasons for withdrawing his removal appeal reflect concern for a sick parent—for the situation in which he now finds himself. But the exhaustion requirement exists to ensure that the BIA has the opportunity to correct errors before federal courts intervene, and a petitioner cannot satisfy that requirement through a process he has voluntarily discontinued. *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). Petitioner has not shown that exhaustion would be futile, that administrative remedies are inadequate, or that irreparable injury would result from requiring it. *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). The petition must therefore be denied.

The court notes also that with his removal now final, Petitioner's detention is governed by 8 U.S.C. § 1231(a). Under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), detention beyond six months following a final order of removal is presumptively unreasonable—and the government must demonstrate a significant likelihood of

removal in the reasonably foreseeable future to justify continued detention. This court and others in this circuit have applied that principle to order release where the government failed to make the required showing. *See, e.g.*, *Malik v. Dosanj*, No. 26-00060 MWJS-WRP, 2026 WL 638483, at *4 (D. Haw. Mar. 6, 2026); *Vu v. Dosanj*, No. 1:26-cv-00013-MWJS, 2026 WL 594740 (D. Haw. Mar. 3, 2026).

Petitioner's removal order became final only recently, and he therefore may not yet have a compelling *Zadvydas* claim. If Petitioner remains detained and removal is not carried out expeditiously, he may wish to file a new petition raising this claim, supported by evidence that there is no significant likelihood of removal in the reasonably foreseeable future. For these reasons, the court DENIES the present petition without prejudice.

The Clerk of Court is DIRECTED to close this case and enter judgment for Respondent.

IT IS SO ORDERED.

DATED: May 19, 2026, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith

_____

Micah W.J. Smith
United States District Judge

---

Civil No. 1:26-03398-MWJS; *Clifton F. v. Warden,* et al.; ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE